Joseph Lavi, Esq. (State Bar No. 209776)
jlavi@lelawfirm.com
Jordan D. Bello, Esq. (State Bar No. 243190)
jbello@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for PLAINTIFF
MARCOS LOPEZ on behalf of himself and others
similarly situated.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS LOPEZ on behalf of himself and others similarly situated.<br><br>   PLAINTIFF,<br><br> vs.<br><br>SOUTHWIRE COMPANY, LLC, a Limited Liability Company; SOUTHWIRE COMPANY, a business entity unknown; SOUTHWIRE, a business entity unknown; SOUTHWIRE CO., a business entity unknown; and DOES 1 to 100, Inclusive.<br><br>   DEFENDANTS. | Case No.: CV 15-1866 MMM (DTBx)<br><br>**CLASS ACTION**<br><br>**PLAINTIFF MARCOS LOPEZ'S FIRST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION AND FOR:**<br><br>**1.   FAILURE TO PAY WAGES AT MINIMUM WAGE RATE FOR ALL HOURS WORKED IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**<br><br>**2.   FAILURE TO PAY OVERTIME WAGES FOR ALL OVERTIME WORKED IN VIOLATION OF LABOR CODE SECTION 510 AND 1194**<br><br>**3.   FAILURE TO PAY PROPER OVERTIME IN VIOLATION OF LABOR CODE SECTIONS 510 AND 1194 BY NOT INCLUDING ALL** |

REMUNERATION IN CALCULATING OVERTIME

4.   **FAILURE TO PROVIDE SECOND MEAL BREAKS IN VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512**

5.   **FAILURE TO PROVIDE THIRD REST BREAKS IN VIOLATION OF LABOR CODE SECTION 226.7**

6.   **FAILURE TO INDEMNIFY EMPLOYEES FOR ALL REQUIRED EXPENDITURES AND LOSSES IN VIOLATION OF LABOR CODE 2802**

7.   **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226**

8.   **FAILURE TO TIMELY PAY UNPAID WAGES DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

9.   **UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200,** *et seq.*

10.  **CIVIL PENALTIES AND WAGES PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT OF 2004 ("PAGA"), LABOR CODE SECTION 2698,** *et seq.*

**DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, MARCOS LOPEZ ("Plaintiff"), who alleges and complains against DEFENDANTS SOUTHWIRE COMPANY, LLC; SOUTHWIRE

COMPANY; SOUTHWIRE; SOUTHWIRE CO.; and DOES 1 to 50, inclusive, (hereinafter, collectively referred to as "Defendants" or "DEFENDANTS"), and DOES 51 to 100 as follows:

## I.   <u>INTRODUCTION</u>

1.     This is a wage and hour class action and representative action lawsuit on behalf of Plaintiff and other current and former non-exempt employees of DEFENDANTS in California seeking unpaid wages for all hours worked at minimum wage or overtime rate of pay; unpaid overtime based on an incorrect regular rate of pay; premium wages to compensate employees for workdays Defendants failed to provide adequate meal periods; premium wages to compensate employees for workdays Defendants failed to provide adequate rest periods; unpaid reimbursements;  statutory penalties for failure to provide accurate and complete wage statements; waiting time penalties in the form of continuation wages for failure to timely pay former employees all earned and unpaid wages; applicable civil penalties; injunctive relief and other equitable relief, reasonable attorney's fees pursuant to Labor Code sections 226(e), 1194, 2802, 2699(g)(1), costs, and interest brought on behalf of Plaintiff and others similarly situated.

## II.   <u>JURISDICTION AND VENUE</u>

2.     This Court has jurisdiction over Plaintiff's and the Class Members' claims because Plaintiff's lawsuit seeks permanent injunction and damages for himself and the class in excess of $25,000 and DEFENDANTS employed class members and injuries occurred in California including in San Bernardino County at DEFENDANTS' facilities operated at 11695 Pacific Avenue, Fontana, California 92337 and at 9199 Cleveland Avenue, #100, Rancho Cucamonga, California 91730.

## III.   <u>PARTIES</u>

3.     Plaintiff brings this action on behalf of himself and other members of the general public similarly-situated.  The named Plaintiff and the class of persons on whose behalf this action is filed are current, former and/or future employees of

DEFENDANTS who worked, work, or will work for Defendants as non-exempt hourly employees in California. At all times mentioned herein, the currently named Plaintiff is and was a resident and citizen of California and was employed by DEFENDANTS in a non-exempt position within the 4 years prior to the filing of the complaint at DEFENDANTS' facilities operated at 11695 Pacific Avenue, Fontana, California 92337 and at 9199 Cleveland Avenue, #100, Rancho Cucamonga, California 91730.

4.     Plaintiff is informed and believes and thereon alleges that Defendant SOUTHWIRE COMPANY, LLC is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 51-100 are, and at all times relevant hereto were persons acting on behalf of SOUTHWIRE COMPANY, LLC who violated or caused to be violated the minimum wage and overtime provisions of the Labor Code and/or any provision of the Industrial Welfare Commission's wage orders regulating hours and days of work. SOUTHWIRE COMPANY, LLC was Plaintiff's employer and suffered and permitted Plaintiff and similarly situated non-exempt employees to work and exercised control over the wages, hours and working conditions of employment of Plaintiff and similarly situated non-exempt employees.

5.     Plaintiff is informed and believes and thereon alleges that Defendant SOUTHWIRE COMPANY is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 51-100 are, and at all times relevant hereto were persons acting on behalf of SOUTHWIRE COMPANY who violated or caused to be violated the minimum wage and overtime provisions of the Labor Code and/or any provision of the Industrial Welfare Commission's wage orders regulating hours and days of work. SOUTHWIRE COMPANY was Plaintiff's employer and suffered and permitted Plaintiff and similarly situated non-exempt employees to work and exercised control over the wages, hours and working conditions of employment of Plaintiff and

similarly situated non-exempt employees.

6.      Plaintiff is informed and believes and thereon alleges that Defendant SOUTHWIRE is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 51-100 are, and at all times relevant hereto were persons acting on behalf of SOUTHWIRE who violated or caused to be violated the minimum wage and overtime provisions of the Labor Code and/or any provision of the Industrial Welfare Commission's wage orders regulating hours and days of work. SOUTHWIRE was Plaintiff's employer and suffered and permitted Plaintiff and similarly situated non-exempt employees to work and exercised control over the wages, hours and working conditions of employment of Plaintiff and similarly situated non-exempt employees.

7.      Plaintiff is informed and believes and thereon alleges that Defendant SOUTHWIRE CO. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 51-100 are, and at all times relevant hereto were persons acting on behalf of SOUTHWIRE CO. who violated or caused to be violated the minimum wage and overtime provisions of the Labor Code and/or any provision of the Industrial Welfare Commission's wage orders regulating hours and days of work. SOUTHWIRE CO. was Plaintiff's employer and suffered and permitted Plaintiff and similarly situated non-exempt employees to work and exercised control over the wages, hours and working conditions of employment of Plaintiff and similarly situated non-exempt employees.

8.      Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 50 are corporations, or are other business entities or organizations of a nature unknown to Plaintiff.

9.      **Joint Employment**: Plaintiff is informed and believes and thereon alleges DEFENDANTS were joint employers of Plaintiff and similarly situated non-exempt employees operating as Southwire. At all relevant times, there was an arrangement between DEFENDANTS to share employees' services, DEFENDANTS

acted directly or indirectly in the interest of each other and in relation to employees, or DEFENDANTS deemed to share the control of the employees, one defendant controlled other DEFENDANTS, or each defendant was under common control. Plaintiff is informed and believes and thereon alleges Defendant SOUTHWIRE COMPANY, LLC created employee handbooks and policies which governed Plaintiff and similarly situated employees' daily activities. In addition, DEFENDANTS shared a joint payroll, had common wages and benefits, with employee documents referencing their employment to "Southwire" and shared corporate officers.

10. **Integrated Enterprise**: Plaintiff is informed and believes and thereon alleges DEFENDANTS operated an integrated enterprise providing services to customers and clients in California through common management, interrelationship between operations, centralized control of labor relations, and a degree of common ownership/financial control. The "Southwire" Defendants including SOUTHWIRE COMPANY, LLC; SOUTHWIRE COMPANY; SOUTHWIRE; SOUTHWIRE CO. created employee handbooks and policies which governed Plaintiff and similarly situated employees' daily activities. In addition, DEFENDANTS shared a joint payroll, had common wages and benefits, with employee documents referencing their employment to "Southwire" and shared corporate officers.

11. Plaintiff is informed and believes and thereon alleges that Defendants DOES 51 through 100 are individuals unknown to Plaintiff. Each of the individual defendants is sued individually and in his or her capacity as an agent, shareholder, owner, representative, manager, supervisor, independent contractor and/or employee of each defendant who violated or caused to be violated the minimum wage and overtime provisions of the Labor Code and/or any provision of the Industrial Welfare Commission's wage orders regulating hours and days of work.

12. Plaintiff is unaware of the true names of Defendants DOES 1 through 100. Plaintiff sues said defendants by said fictitious names, and will amend this

complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this complaint.

13.     Plaintiff makes the allegations in this complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff reserves all of Plaintiff rights to plead in the alternative.

## IV.   DESCRIPTION OF ILLEGAL PAY PRACTICES

14.     **Failure to pay wages for all hours worked at the legal minimum wage rate**: DEFENDANTS employ many employees, including Plaintiff, as non-exempt employees. DEFENDANTS use time shaving and/or rounding policies which resulted DEFENDANTS not paying wages to non-exempt employees for time the employees were subject to the control of their employer and/or were suffered and permitted to work.

15.     In California, an employer is required to pay an employee for all "hours worked" which includes all time that an employee is under control of the employer and including all time that the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer and any time during which an employer's policies and procedures do not allow employees to use time effectively for their own purposes. (*Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575, 586-588; *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968.) In turn, this includes but is not limited to time spent by employees during which they cannot effectively use for their own purposes because the employees are compelled to do so by the necessities of the employer's business. Such time includes time an employee is required to clock in and/or required to be present (e.g., for reasons including but not limited to clocking in prior to a shift or to receive communications from Defendant).

16.     Labor Code sections 1194 and 1197 require that an employer compensate employees for "hours worked" at least at a minimum wage rate of pay as established by the wage orders.

17.     Despite that California law requires employers to pay employees for all hours worked at least at a minimum wage rate, DEFENDANTS used rounding and/or time shaving policies which did not provide wages to Plaintiff and other similarly situated California employees for all time DEFENDANTS controlled the employees and/or suffered or permitted the employees to work. This resulted in non-exempt employees working time which DEFENDANTS provide to compensate wages in violation of Labor Code sections 1194, 1197, and the Wage Orders.

18.     **Failure to pay wages for all hours worked at the employee's overtime rate of pay**: DEFENDANTS employ many of their employees, including Plaintiff, as non-exempt employees. DEFENDANTS use time shaving and/or rounding policies which fail to provide wages to employees for time DEFENDANTS controlled employees and/or suffered and permitted the employees to work.

19.     In California, an employer is required to pay an employee for all "hours worked" which includes all time that an employee is under control of the employer and including all time that the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer and any time during which an employer's policies and procedures do not allow employees to use time effectively for their own purposes. (*Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575, 586-588; *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968.) In turn, this includes but is not limited to time spent by employees during which they cannot effectively use for their own purposes because the employees are compelled to do so by the necessities of the employer's business. Such time includes time an employee is required to clock in and/or required to be present (e.g., for reasons including but not limited to clocking in prior to a shift or to receive communications from Defendant).

20. Labor Code sections 510 and 1194 require an employer to compensate employees a higher rate of pay for hours worked in excess of 8 hours in a workday, 40 hours in a workweek, and on any seventh consecutive day of work in a workweek.

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

(Lab. Code §510; IWC Wage Order 5 § 3.)

21. Despite that California law requires employers to pay employees for all "hours worked" at a higher rate of pay when work hours are in excess of 8 hours in a workday, 40 hours in a workweek, or a 7th day in a workweek; DEFENDANTS failed to pay wages to employees for time which DEFENDANTS controlled Plaintiff and similarly situated California employees and/or were suffered and permitted Plaintiff and similarly situated California employees to work. DEFENDANTS should have paid overtime wages for this compensable time to the extent the employees had already worked 8 hours in the day, 40 hours in a workweek, or were working a 7th day in a workweek. DEFENDANTS' practices resulted in non-exempt employees working time which should have been paid at the legal overtime rate, but which DEFENDANTS failed to pay any wages in violation of Labor Code sections 510, 1194, and the Wage Orders.

22. **Failure to pay overtime at the legal overtime rate by failing to include all remuneration in calculating the regular rate of pay for purposes of paying overtime**: DEFENDANTS employ non-exempt employees, including the named Plaintiff and all others similarly-situated, with a compensation structure that includes additional remuneration paid as non-discretionary production bonuses. At times, Plaintiff and similarly situated California employees worked overtime hours

under California law during pay periods that the employees earned additional remuneration including the non-discretionary production bonuses.

23.    Under California law in determining the regular rate of pay for purposes of calculating the proper overtime premium pay; the employer must consider not only straight hourly wage compensation but must also include payment of all remuneration.

24.    DEFENDANTS entirely excluded certain remuneration, including the non-discretionary production bonuses, in calculating the overtime rate of pay for Plaintiff and similarly situated employees during the periods the bonuses or other remuneration was earned. This practice resulted in Plaintiff and all other similarly situated employees working hours in excess of 8 hours in a day, 40 hours in a week, or on a 7th consecutive day of work and DEFENDANTS paying them less overtime then the employees had earned under California law.

25.    **Failure to pay premium wages to non-exempt employees to compensate them for workdays Defendants failed to provide legally compliant second meal breaks:** DEFENDANTS often employ non-exempt employees, including the named Plaintiff and all others similarly-situated employees for shifts longer than ten hours in length.

26.    California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5 hour work period. (Lab. Code §512; Wage Orders, subd. 11.) An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes before the end of the 10th hour of work. (*Id.*)

27.    If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. (*Id.*)

28.    Plaintiff and similarly situated employees worked on workdays in shifts of 10 hours or more entitling them to second meal periods under California law. Despite that California law requires employers to provide employees with second meal periods when an employee's work shift is 10 hours or more; DEFENDANTS employed a policy and procedure which did not provide for a second meal period before the 10th hour of work when employees worked 10 hours in a workday. Plaintiff and similarly situated employees would work on workdays in shifts of 10 hours or more without receiving a second meal period prior to the expiration of the 10th hour of work in violation of California law.

29.    DEFENDANTS also failed to pay employees one hour of pay at their regular rate of pay for each workday Plaintiff and similarly situated employees worked in excess of 10 hours and did not receive a second meal period.

30.    This practice resulted in Plaintiff and all other similarly situated employees not receiving wages to compensate them for workdays which DEFENDANTS did not provide them with legally compliant meal periods in compliance with California law.

31.    **Failure to pay premium wages to non-exempt employees to compensate them for workdays Defendants failed to provide third rest breaks:** California law states that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. … If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." (Wage Orders, subd. 12; see Lab. Code § 226.7.) Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours

up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." (*Brinker v. Superior Court* (2012) 53 Cal.4th 1004, 1029; Lab. Code §226.7; Wage Orders, subd. 12.) Rest periods must be in the middle of each work period. (Wage Orders, subd. 12.) If an employer fails to provide an employee a timely and legally compliant rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. (*Id.*)

32. DEFENDANTS employed Plaintiff and similarly situated employees in California in DEFENDANTS' operation as non-exempt, hourly employees. DEFENDANTS often employed non-exempt employees, including the named Plaintiff and all others similarly-situated employees, for shifts longer than 10 hours in length.

33. Despite that California law requires employers to provide employees with a third rest break when an employee's work shift is in excess of 10 hours; DEFENDANTS employed a policy and procedure which failed to provide Plaintiff and other non-exempt employees with third rest periods when they worked more than 10 hours. As a result of DEFENDANTS' practice and procedure, Plaintiff and similarly situated non-exempt, employees did not receive a third rest period when they worked in excess of 10 hours.

34. DEFENDANTS also failed to pay employees one hour of pay at their regular rate of pay for each workday Plaintiff and employees did not receive all timely and legally compliant rest periods.

35. This practice resulted in Plaintiff and all other similarly situated California non-exempt employees not receiving wages to compensate them for workdays which DEFENDANTS did not provide them with third rest periods in compliance with California law.

36. **Failure to Indemnify California Non-Exempt Employees for Uniforms and/or Uniform Maintenance**: California law requires that every

employer must indemnify its employees for all necessary expenditures or losses incurred by the employee in discharge of his or her duties or at the obedience of the directions of the employer. (Lab. Code §2802.) "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer." (Industrial Welfare Commission (IWC) Wage Order 1, subdivision 9(A).)

37.    DEFENDANTS would deduct monies from Plaintiff and similarly situated employees' wages for uniforms and/or maintenance of uniforms. DEFENDANTS required Plaintiff and similarly situated employees to use these uniforms as part of their job duties. Despite that California law requires employers to indemnify employees for the costs associated with the uniforms and maintenance of uniforms, DEFENDANTS would not reimburse Plaintiff or other similarly situated California employees for the costs of uniforms and/or uniform maintenance.

38.    At times during the four years prior to the filing of this Complaint, DEFENDANTS employed policies and procedures which failed to provide Plaintiff and class members with indemnification for their uniforms and/or maintenance of uniforms. This practice resulted in Plaintiff and all other similarly situated employees not receiving adequate indemnification in compliance with California law.

39.    **Pay Stub Violations**: California Labor Code section 226(a) provides (inter alia) that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of

the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

40.   DEFENDANTS failed to provide accurate and complete wage statements to Plaintiff and other non-exempt employees. DEFENDANTS provided to employees wage statements which were inadequate because DEFENDANTS did not state the name and address of the legal entity that is the employer and failed to state the inclusive dates of the pay period. In addition, as a result of the aforementioned conduct, the wage statements inaccurately stated: the gross wages earned, the total hours worked, the net wages earned, and the applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate.

41.   DEFENDANTS applied these policies and procedures were to Plaintiff and other non-exempt employees in California which resulted DEFENDANTS failing to provide complete and accurate wage statements to non-exempt employees in compliance with Labor Code section 226, subdivision (a).

42.   **Failure to Pay Former California Non-Exempt Employees All Wages Due at Time of Termination/Resignation**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (Lab. Code §201) or within 72 hours of resignation (Lab. Code §202).

43.   DEFENDANTS failed to pay Plaintiff and other non-exempt employees with all wages (including unpaid minimum wage and overtime wages and unpaid premium wages for missed meal and/or rest breaks) during their employment and never paid these amounts after Plaintiff and other California employees separated employment with DEFENDANTS. As a result, DEFENDANTS failed to pay those employees timely after each employee's termination and/or resignation in violation of Labor Code sections 201 and 202.

## V.     CLASS DEFINITIONS AND CLASS ALLEGATIONS

44.     Plaintiff brings this action on behalf of himself, on behalf of all others similarly situated, and on behalf of the General Public, and as a member of a Class defined as follows:

A.     **Minimum Wage Class**: All current and former non-exempt employees employed in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who were under control of Defendants for time periods Defendants did not pay wages at the legal minimum wage rate.

B.     **Overtime Class:** All current and former non-exempt employees employed in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who were under control of Defendants during time periods they had already worked in excess of 8 hours in a day, 40 hours in a week, or were working on a seventh consecutive day of work and Defendants did not pay wages for that time.

C.     **Regular Rate Class:** All current and former non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class, who earned remuneration which was not included in calculating the overtime pay during pay periods the employees worked in excess of 8 hours in a workday, 40 hours in a workweek, or on a seventh consecutive day of work in a workweek.

D.     **Meal Period Class**: All current and former non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked more than 10 hours during a workday and did not receive wages to compensate them for their missed second meal period.

E.     **Rest Period Class**: All current and former non-exempt employees

employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who did not receive wages to compensate employees for workdays Defendants failed to provide third rest periods in compliance with California law.

F. **Indemnification Class**: All current and former non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who had monies deducted from their wages and/or paid monies for uniforms or maintenance uniforms and were not reimbursed.

G. **Wage Statement Class**: All current and former non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who received inaccurate or incomplete wage statements.

H. **Waiting Time Class**: All former non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class whose employment ended and they did not receive payment of all unpaid wages within the statutory time period after separation of employment.

I. **California Class**: All aforementioned classes are here collectively referred to as the "California Class".

45. There is a well-defined community of interest in the litigation and the classes are ascertainable:

A. **Numerosity**: While the exact number of class members in each class is unknown to plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominates over any

questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

i. Whether Defendants failed to pay minimum wage or overtime to the Minimum Wage Class and Overtime Class by not paying wages to employees for all time they were under control of Defendants and/or suffered or permitted to work;

ii. Whether Defendants failed to properly calculate overtime to employees by failing to include all bonuses in calculating the overtime;

iii. Whether Defendants failed to provide second meal breaks to the Meal Period Class;

iv. Whether Defendants failed to provide third rest breaks to the Rest Period Class;

v. Whether Defendants violated California law by deducting wages from and/or requiring the Indemnification Class to pay money for required uniforms and/or uniform maintenance.

vi. Whether Defendants failed to provide the Wage Statement Class Members with accurate and complete itemized statements;

vii. Whether Defendants failed to provide the Waiting Time Class with all unpaid wages within the statutory time period following separation of employment;

viii. Whether Defendants committed unlawful business acts or practices within the meaning of Business and Professions Code section 17200 *et seq.*;

ix. Whether Class Members are entitled to unpaid wages, penalties, interest, fees and other relief in conjunction with their claims; and

x. Whether, as a consequence of Defendant's unlawful conduct, the Class Members are entitled to restitution, and/or equitable relief;

xi. Whether Defendant's affirmative defenses, if any, raise any

common issues of law or fact as to Plaintiff, and the Class Members as a whole.

C. **Typicality**: Plaintiff's claims are typical of the claims of the class members in each of the classes. Plaintiff and members of the Minimum Wage and Overtime Classes sustained damages and/or loss of vested wages based on Defendants' failure to pay wages for time they were under control of Defendants and/or were suffered or permitted to work. Plaintiff and members of the Regular Rate Class sustained damages and/or loss of vested wages based on Defendants' failure to include all remuneration in calculating the regular rate of pay for purposes of overtime. Plaintiff and members of the Meal Period and Rest Period Classes sustained damages and/or loss of vested wages based on Defendants' failure to provide second meal periods and third rest periods to employees who worked ten or more hours. Plaintiff and members of the Indemnification Class sustained damages and/or loss of vested wages based on Defendants' deduction of wages and/or charge of monies for uniforms and/or uniform maintenance. Plaintiff and the members of the Wage Statement Class sustained damages arising out of Defendants' failure to furnish them with accurate and/or complete itemized wage statements in compliance with Labor Code section 226. Plaintiff and the members of the Waiting Time Class sustained damages arising out of Defendants' failure to provide all unpaid wages due upon the end of their employment.

D. **Adequacy of Representation**: Plaintiff will fairly and adequately protect the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the other class members. Plaintiff's Counsel is qualified to conduct the litigation.

E. **Superiority**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort

and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

F.   **Public Policy Consideration**: Employers throughout the state violate wage and hour laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they perceive their former employers can blacklist them in their future endeavors through negative references and by other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for vindication of their rights.

## FIRST CAUSE OF ACTION

**FAILURE TO PAY WAGES AT MINIMUM WAGE RATE FOR ALL HOURS WORKED IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197 (Against DEFENDANTS SOUTHWIRE COMPANY, LLC; SOUTHWIRE COMPANY; SOUTHWIRE; SOUTHWIRE CO.; and DOES 1 to 50 by the Minimum Wage Class)**

46.   Plaintiff hereby incorporates by reference paragraphs 1-45 above, as if fully set herein by reference.

47.   At times relevant to this Complaint, Plaintiff and the members of the Minimum Wage Class were DEFENDANTS' non-exempt employees in California covered by Labor Code sections 1194 and 1197 and the IWC Wage Orders.

48.   Pursuant to Labor Code sections 1194, 1197, and Wage Orders, Plaintiff and the Minimum Wage Class are entitled to receive wages for all hours worked and

those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

49. DEFENDANTS used time shaving and/or rounding policies which resulted in DEFENDANTS failing to pay wages to California employees for time which Plaintiff and similarly situated employees were working and/or under control of Defendants. As a result of these policies, DEFENDANTS failed to compensate their California non-exempt employees with wages at least at a minimum wage rate for all time worked.

50. DEFENDANTS' policies and procedures applied to all California non-exempt employees and resulted in California non-exempt employees working time or time they were under control of DEFENDANTS which DEFENDANTS failed to compensate with wages in violation of Labor Code sections 1194, 1197, and the Wage Orders.

51. As a result of Defendants' unlawful conduct, Plaintiff and members of the Minimum Wage Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

52. Pursuant to California Labor Code Sections 1194 and 1194.2, Plaintiff and the Minimum Wage Class are entitled to recover unpaid wages at a minimum wage rate, interest thereon, liquidated damages, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES FOR ALL OVERTIME WORKED IN VIOLATION OF LABOR CODE SECTION 510 AND 1194

### (Against DEFENDANTS SOUTHWIRE COMPANY, LLC; SOUTHWIRE COMPANY; SOUTHWIRE; SOUTHWIRE CO.; and DOES 1 to 50 by the Overtime Class)

53. Plaintiff incorporates paragraphs 1 through 53 above as though fully set forth herein.

54. At times relevant to this Complaint, Plaintiff and the members of Overtime Class were non-exempt employees of Defendants covered by California Labor Code sections 510, 1194, and the Wage Orders.

55. Labor Code sections 510 and 1194 and the Wage Orders require an employer to compensate employees a higher rate of pay for hours worked in excess of 8 hours in a workday, 40 hours in a workweek, and on any seventh consecutive day of work in a workweek. In California, an employer is required to pay an employee for all "hours worked" which includes all time that an employee is under control of the employer and including all time that the employee is suffered and permitted to work whether or not the employee is required to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer. In turn, this includes activities that are undertaken by the employee only because she is compelled to do so by the necessities of the employer's business and times during which an employee is prevented from using time effectively for his or her own purposes to the benefit of the employer. Labor Code sections 510 and 1194 require that an employer compensate employees for "hours worked" at a proper overtime rate for all hours that constitute overtime.

56. DEFENDANTS used time shaving and/or rounding policies which resulted in DEFENDANTS failing to pay wages to California employees for time which Plaintiff and similarly situated employees were working and/or under control of Defendants. To the extent the employees had already worked 8 hours in the day, 40 hours in a workweek, or were working on the seventh day in a workweek; DEFENDANTS should have paid overtime to employees for this unpaid time. This resulted in Plaintiff and California non-exempt employees working time which should have been paid at the legal overtime rate, but was not paid any wages in violation of Labor Code sections 510, 1194, and the Wage Orders.

57. Defendants' policies and procedures were applied to all non-exempt

employees in California and resulted in non-exempt employees working time which was not compensated any wages in violation of Labor Code sections 510, 1194, and the Wage Orders.

58.    Pursuant to Labor Code sections 510, 1194, and Wage Orders, Plaintiff and the Overtime Class are entitled to receive wages for all hours worked and those wages must be paid at the applicable overtime rate.

59.    Defendants' policies and procedures resulted in the Overtime Class receiving no wages for time periods that they were under control of Defendants and had already worked in excess of 8 hours in a day, 40 hours in a week, or were working on a seventh consecutive day of work in a workweek.

60.    As a result of Defendants' unlawful conduct, Plaintiff and members of the Overtime Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at an overtime rate for all hours worked.

61.    Pursuant to California Labor Code sections 510 and 1194, Plaintiff and the Overtime Class are entitled to recover unpaid wages at the applicable overtime rate, interest thereon, and attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY PROPER OVERTIME IN VIOLATION OF LABOR CODE SECTIONS 510 AND 1194 BY NOT INCLUDING ALL REMUNERATION IN CALCULATING OVERTIME

### (Against DEFENDANTS SOUTHWIRE COMPANY, LLC; SOUTHWIRE COMPANY; SOUTHWIRE; SOUTHWIRE CO.; and DOES 1 to 50 by the Regular Rate Class)

62.    Plaintiffs incorporate paragraphs 1 through 61 above as though fully set forth herein.

63.    At all times relevant to this Complaint, Labor Code section 510, 1194 and the Wage Orders require that employers provide non-exempt employees a higher rate of pay for hours worked in excess of 8 hours in a workday, 40 hours in a

workweek, or on any seventh consecutive day of work in a workweek.

64.   Employers must pay employees no less than one and one-half the employees' regular rate of pay for all hours worked in excess of eight hours up to twelve hours in a workday, in excess of forty hours in a workweek, and any hours up to eight hours on any seventh consecutive day of work in a workweek. (Lab. Code §510 and Wage Orders.) Employers must pay employees no less than two times the employees' regular rate of pay for all hours worked in excess of twelve hours in a workday or any hours in excess of eight hours on any seventh consecutive day worked in a workweek. (*Id.*)

65.   Under California law, the determination of the regular rate of pay for purposes of determining the amount of overtime pay must include all remuneration earned by the employee including the employee's commissions, bonuses, shift-differential pay or other non-hourly compensation.

66.   At all times herein mentioned, Plaintiff and the class members were non-exempt in California and subject to the overtime provisions set-forth above. Plaintiff alleges that he, and the class members, worked for DEFENDANTS during shifts that consisted of more than eight (8) hours in a working day, more than forty (40) hours in a work week, and/or on a seventh consecutive day in a workweek.

67.   Plaintiff further alleges that he, and the class members, were paid remuneration, including non-discretionary production bonuses, for time periods that Plaintiff and the class members worked overtime.

68.   Plaintiff further alleges that he, and the class members, were paid overtime compensation for overtime hours that did not include all required remuneration as part of the determination of the regular rate upon which the premium pay would be calculated.

69.   Therefore, Plaintiff alleges that wages are due to him, and to the other class members, because DEFENDANTS paid less overtime compensation than was due.  Plaintiff demands for himself, and for the class, all applicable payment of

unpaid overtime wages, including all appropriate penalties and interest.

70.    Plaintiff is also entitled to, and seeks on behalf of himself and all others similarly-situated, all reasonable attorney's fees and costs of suit pursuant to Labor Code section 1194.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE SECOND MEAL BREAKS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7

### (Against DEFENDANTS SOUTHWIRE COMPANY, LLC; SOUTHWIRE COMPANY; SOUTHWIRE; SOUTHWIRE CO.; and DOES 1 to 50 by the Meal Period Class)

71.    Plaintiff hereby incorporates by reference paragraphs 1-70 above, as if fully set herein by reference.

72.    At all times relevant to this Complaint, Plaintiff and the members of the Meal Period Class were non-exempt employees of Defendant in California and covered by California Labor Code sections 226.7, 512, and the Wage Orders.

73.    California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5 hour work period. (Lab. Code §512; Wage Order 5, subd. 11.) An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes before the end of the 10th hour of work. (*Id.*) If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. (*Id.*)

74.    Plaintiff and similarly situated employees would work on workdays in shifts of 10 hours or more entitling them to second meal periods under California law. Despite that California law requires employers to provide employees with second meal periods when an employee's work shift is 10 hours or more;

DEFENDANTS employed a policy and procedure which did not provide for a second meal period before the tenth hour of work when employees worked 10 hours in a workday. Plaintiff and similarly situated California employees would work on workdays in shifts of 10 hours or more without receiving a second meal period prior to the expiration of the 10th hour of work in violation of California law.

75.   DEFENDANTS also failed to pay Plaintiff and similarly situated employees one hour of pay at their regular rate of pay for each workday Plaintiff and employees did not receive all timely and legally compliant second meal periods.

76.   Because DEFENDANTS failed to afford employees second meal periods in compliance with the law, Defendants are liable to Plaintiff and the Meal Period Class for one hour of additional pay at the regular rate of compensation for each workday that DEFENDANTS did not provide all second meal periods in compliance with the law.

77.   Plaintiff, on behalf of himself and the Meal Period Class, seeks damages and all other relief allowable including a premium meal break wage for each workday the employees were not provided with all second meal periods in compliance with the law.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE THIRD REST BREAKS IN VIOLATION OF LABOR CODE SECTIONS 510 AND 226.7

### (Against DEFENDANTS SOUTHWIRE COMPANY, LLC; SOUTHWIRE COMPANY; SOUTHWIRE; SOUTHWIRE CO.; and DOES 1 to 50 by the Rest Period Class)

78.   Plaintiff hereby incorporates by reference paragraphs 1-77 above, as if fully set herein by reference.

79.   At all times relevant to this Complaint, Plaintiff and the members of the Rest Period Class were non-exempt employees of DEFENDANTS in California and covered by California Labor Code section 226.7 and the Wage Orders.

80.    California law states that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. … If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." (Wage Order 5, subd. 12; see Lab. Code § 226.7.) Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." (*Brinker v. Superior Court* (2012) 53 Cal.4th 1004, 1029; Lab. Code §226.7; Wage Order 5, subd. 12.) Rest periods must be in the middle of each work period. (Wage Order 5, subd. 12.) If an employer fails to provide an employee a timely and legally compliant rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. (*Id.*)

81.    Plaintiff and similarly situated employees in California would work on workdays in shifts in excess of 10 hours entitling them to third rest periods under California law. Despite that California law requires employers to provide employees with third rest periods when an employee's work shift is more than 10 hours; DEFENDANTS employed a policy and procedure which failed to provide Plaintiff and other non-exempt employees with third rest periods when they worked more than 10 hours. As a result of DEFENDANTS' practice and procedure, Plaintiff and similarly situated non-exempt employees would work on workdays in shifts in excess of 10 hours without receiving a third rest period in violation of California law.

82.    DEFENDANTS also failed to pay Plaintiff and similarly situated employees one hour of pay at their regular rate of pay for each workday Plaintiff and

employees did not receive all timely and legally compliant third rest periods.

83.     Because DEFENDANTS failed to afford employees third rest periods in compliance with the law, DEFENDANTS are liable to Plaintiff and the Rest Period Class for one hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all third rest periods in compliance with the law.

84.     Plaintiff, on behalf of himself and the Rest Period Class, seeks damages and all other relief allowable including a premium rest break wage for each workday the employees were not provided with all third rest periods in compliance with the law.

## SIXTH CAUSE OF ACTION

**FAILURE TO INDEMNIFY EMPLOYEES FOR ALL REQUIRED EXPENDITURES AND LOSSES IN VIOLATION OF LABOR CODE 2802 (Against DEFENDANTS SOUTHWIRE COMPANY, LLC; SOUTHWIRE COMPANY; SOUTHWIRE; SOUTHWIRE CO.; and DOES 1 to 50 by the Indemnification Class)**

85.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 84.

86.     At all times herein set forth California Labor Code section 2802 provide that an employer must reimburse employees for all necessary expenditures.

87.     Plaintiff and class members incurred necessary business-related expenses and costs that were not fully reimbursed by DEFENDANTS, including and without limitation, costs and expenses related to the purchase and/or maintenance of uniforms which DEFENDANTS required Plaintiff and class members to use as part of their employment. Specifically, DEFENDANTS had, and continues to have, a policy and practice of deducting from Plaintiff and class members' wages fees for the uniforms and/or costs of maintenance of uniforms.   DEFENDANTS had, and

continue to have, a policy of not reimbursing employees, including Plaintiff and the members of the Class, for said business-related expenses and costs.

88.   Plaintiff and members of the Indemnification Class are entitled to recover from DEFENDANTS their business-related expenses incurred during the course and scope of their employment, plus interest, pursuant to California Labor Code section 2800.  In addition, Plaintiff and the members of the Indemnification Class are entitled to recover all reasonable costs incurred to enforce their rights under Labor Code section 2802, including, but not limited to, attorneys' fees.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226 (Against DEFENDANTS SOUTHWIRE COMPANY, LLC; SOUTHWIRE COMPANY; SOUTHWIRE; SOUTHWIRE CO.; and DOES 1 to 50 by the Wage Statement Class)

89.   Plaintiff incorporates paragraphs 1 through 88 of this complaint as if fully alleged herein.

90.   At all relevant times, Plaintiff and the other members of the Wage Statement Class were non-exempt employees of DEFENDANTS and covered by Labor Code Section 226.

91.   Pursuant to Labor Code Section 226, subdivision (a), Plaintiff and the other members of the class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as

one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

92.  Wage statements provided to Plaintiff and similarly situated employees failed to accurately state the name and address of the legal entity that was the employer and failed to state the inclusive dates of the pay period.

93.  In addition, DEFENDANTS' illegal practices (described in more detail above and including but not limited to DEFENDANTS' failure to pay minimum wage for all hours worked, failure to pay overtime wages for all overtime hours worked, failure to properly calculate overtime wages, failure to pay all meal and rest period premiums for missed/improper second meal and third rest breaks, improper failure to reimburse/deduction of wages for uniform/uniform maintenance, and failure to provide timely payment of final wages) resulted in DEFENDANTS not providing Plaintiff and other California non-exempt employees with accurate and complete itemized wage statements in violation of Labor Code section 226. The wage statements  DEFENDANTS provided to employees were inadequate for reasons including but not limited to the following: the wage statements failed to include all of the hours Plaintiff and similarly situated employees worked, failed to accurately state the gross wages earned, and failed to include accurate hourly rates and accurate corresponding number of hours worked at each hourly rate.

94.  DEFENDANTS' failure to provide Plaintiff and members of the Wage Statement Class with accurate wage statements was knowing and intentional. DEFENDANTS had the ability to provide Plaintiff and members of the Class with accurate and complete wage statements but intentionally provided wage statements

that DEFENDANTS knew were not accurate. DEFENDANTS knowingly and intentionally put in place practices which deprived employees of wages and resulted in DEFENDANTS' knowing and intentional providing of inaccurate wage statements.

95.    As a result of DEFENDANTS unlawful conduct, Plaintiff and members of the Class have suffered injury in that the wage statements inaccurately stated and/or failed to state the aforementioned items of information and Plaintiff and the members of the class could not promptly and easily determine from the wage statement alone the name and address of the employer, the inclusive dates of the pay period, the amount of the gross or net wages paid to the employee, the total hours worked, and/or all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

96.    Pursuant to Labor Code Section 226(e), Plaintiff and members of the Wage Statement Class are entitled to recover actual damages or fifty dollars for the initial pay period in which a violation of Labor Code Section 226 occurred and one hundred dollars for each violation of Labor Code Section 226 in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

97.    Pursuant to Labor Code Section 226(g), Plaintiff and members of the Wage Statement Class are entitled to bring an action for injunctive relief to ensure DEFENDANTS compliance with Labor Code Section 226(a). Injunctive relief is warranted because DEFENDANTS continue to provide currently employed members of the Class with inaccurate wage statements in violation of Labor Code Section 226(a) and currently employed members of the Class have no adequate legal remedy for the continuing injuries that will be suffered as a result of DEFENDANTS' ongoing unlawful conduct.   Injunctive relief is the only remedy available for ensuring DEFENDANTS comply with Labor Code Section 226(a).

98.    Pursuant to Labor Code Sections 226(e) and 226(g), Plaintiff and members of the Class are entitled to recover the full amount of penalties due under

Labor Code Section 226(e), reasonable attorney fees, and costs of suit.

## EIGHTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY UNPAID WAGES DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203

### (Against DEFENDANTS SOUTHWIRE COMPANY, LLC; SOUTHWIRE COMPANY; SOUTHWIRE; SOUTHWIRE CO.; and DOES 1 to 50 by the Waiting Time Class)

99.    Plaintiff incorporates paragraphs 1 through 98 of this complaint as if fully alleged herein.

100.   At all relevant times, Plaintiff and the other members of the Waiting Time Class were non-exempt employees of DEFENDANTS in California and covered by Labor Code Sections 201 or 202.

101.   Pursuant to Labor Code Sections 201 or 202, Plaintiff and members of the Waiting Time Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

102.   DEFENDANTS failed to pay Plaintiff and members of the Waiting Time Class all wages earned and unpaid prior to termination in accordance with Labor Code Section 201 or 202. Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, DEFENDANTS maintained a policy or practice of not paying hourly employees upon separation of employment wages for all unpaid wages (as described in more detail above and including unpaid minimum wage for all hours worked,

unpaid overtime for all overtime hours worked, unpaid overtime based on failure to properly calculate overtime wages due, failure to pay meal and rest period premiums, and improper deduction of wages for indemnifiable items) and/or not paying them final wages timely upon separation of employment.

103.   DEFENDANTS' failure to pay Plaintiff and members of the Waiting Time Class all wages earned prior to termination timely in accordance with Labor Code Sections 201 or 202 was willful. DEFENDANTS had the ability to pay all wages earned by hourly workers prior to termination in accordance with Labor Code Sections 201 or 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 or 202. DEFENDANTS' practices are described in further detail above. When DEFENDANTS failed to pay hourly workers timely upon termination all unpaid wages earned prior to termination, DEFENDANTS knew what they were doing and intended to do what they did.

104.   Pursuant to Labor Code Section 201 or 202, Plaintiff and members of the Waiting Time Class are entitled to all wages earned prior to termination that DEFENDANTS did not pay them.

105.   Pursuant to Labor Code Section 203, Plaintiff and members of the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days.

106.   As a result of DEFENDANTS conduct, Plaintiff and members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to termination.

107.   As a result of DEFENDANTS conduct, Plaintiff and members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code Section 203.

108.   Pursuant to Labor Code Sections Plaintiff and members of the Waiting

Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under Section 203, and interest thereon.

### NINTH CAUSE OF ACTION

**UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, *et seq.***

**(Against DEFENDANTS SOUTHWIRE COMPANY, LLC; SOUTHWIRE COMPANY; SOUTHWIRE; SOUTHWIRE CO.; and DOES 1 to 50 by the California Class)**

109.   Plaintiff incorporates paragraphs 1 through 108 of this complaint as if fully alleged herein.

110.   The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200. This unfair conduct includes DEFENDANTS' use of policies and procedures which resulted in DEFENDANTS' failure to pay all wages due at least at a minimum wage rate, failure to pay all overtime wages for all overtime hours worked, failure to pay all overtime wages due by miscalculating the overtime rate, failure to provide legally compliant second meal periods or meal period premium wages, failure to provide third rest periods or rest period premium wages, failure to provide complete and accurate wage statements, improper deduction of monies for and failure to indemnify for uniforms and/or uniform maintenance, and failure to provide timely payment of final wages, as described in more detail above. Due to DEFENDANTS' unfair and unlawful business practices in violation of the Labor Code, DEFENDANTS have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to do the following: pay employees for all hours worked, pay properly calculated overtime, pay meal and rest period premium wages, reimburse for losses and or costs or not deduct such costs from wages, provide complete and accurate wage statements, and timely provide all unpaid wages following separation of employment.

111. As a result of DEFENDANTS' unfair competition as alleged herein, Plaintiff and members of the California Class have suffered injury in fact and lost money or property, as described in more detail above.

112. Pursuant to Business and Professions Code Section 17203, Plaintiff and members of the California Class are entitled to restitution of all wages and other monies rightfully belonging to them that DEFENDANTS failed to pay them and wrongfully retained by means of their unlawful and unfair business practices. Plaintiff also seeks an injunction against DEFENDANTS on behalf of the California Class enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

## TENTH CAUSE OF ACTION

### CIVIL PENALTIES AND WAGES PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT OF 2004, LABOR CODE SECTION 2698, *et seq.*

### (Against all Defendants)

113. Plaintiff incorporates paragraphs 1 through 112 of this complaint as if fully alleged herein;

114. During the period beginning one year period preceding the filing of the initial complaint in this action, Defendants violated Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1194, 1197, and 2802 as alleged in more detail above.

115. Specifically, Defendants have committed the following violations of California Labor Code:

(a) **Failure to pay wages for all hours worked at the legal minimum wage rate**: Despite that California law requires employers to pay employees for all hours worked at least at a minimum wage rate, DEFENDANTS used rounding and/or time shaving policies which did not provide wages to Plaintiff and other similarly situated California employees for all time DEFENDANTS controlled the employees and/or suffered or permitted the employees to work. This

resulted in non-exempt employees working time which DEFENDANTS provide to compensate wages in violation of Labor Code sections 1194, 1197, and the Wage Orders.

(b)     **Failure to pay wages for all hours worked at the employee's overtime rate of pay**: Despite that California law requires employers to pay employees for all "hours worked" at a higher rate of pay when work hours are in excess of 8 hours in a workday, 40 hours in a workweek, or a 7th day in a workweek; DEFENDANTS failed to pay wages to employees for time which DEFENDANTS controlled Plaintiff and similarly situated California employees and/or were suffered and permitted Plaintiff and similarly situated California employees to work. DEFENDANTS should have paid overtime wages for this compensable time to the extent the employees had already worked 8 hours in the day, 40 hours in a workweek, or were working a 7th day in a workweek. DEFENDANTS' practices resulted in non-exempt employees working time which should have been paid at the legal overtime rate, but which DEFENDANTS failed to pay any wages in violation of Labor Code sections 510, 1194, and the Wage Orders.

(c)     **Failure to pay overtime at the legal overtime rate by failing to include all remuneration in calculating the regular rate of pay for purposes of paying overtime**: DEFENDANTS entirely excluded certain remuneration, including the non-discretionary production bonuses, in calculating the overtime rate of pay for Plaintiff and similarly situated employees during the periods the bonuses or other remuneration was earned. This practice resulted in Plaintiff and all other similarly situated employees working hours in excess of 8 hours in a day, 40 hours in a week, or on a 7th consecutive day of work and DEFENDANTS paying them less overtime then the employees had earned under California law.

(d)     **Failure to pay premium wages to non-exempt employees to compensate them for workdays Defendants failed to provide legally compliant second meal breaks:** Plaintiff and similarly situated employees worked on workdays

in shifts of 10 hours or more entitling them to second meal periods under California law. Despite that California law requires employers to provide employees with second meal periods when an employee's work shift is 10 hours or more; DEFENDANTS employed a policy and procedure which did not provide for a second meal period before the 10th hour of work when employees worked 10 hours in a workday. Plaintiff and similarly situated employees would work on workdays in shifts of 10 hours or more without receiving a second meal period prior to the expiration of the 10th hour of work in violation of California law. DEFENDANTS also failed to pay employees one hour of pay at their regular rate of pay for each workday Plaintiff and similarly situated employees worked in excess of 10 hours and did not receive a second meal period.  This practice resulted in Plaintiff and all other similarly situated employees not receiving wages to compensate them for workdays which DEFENDANTS did not provide them with legally compliant meal periods in compliance with California law.

(e) **Failure to pay premium wages to non-exempt employees to compensate them for workdays Defendants failed to provide third rest breaks:** Despite that California law requires employers to provide employees with a third rest break when an employee's work shift is in excess of 10 hours; DEFENDANTS employed a policy and procedure which failed to provide Plaintiff and other non-exempt employees with third rest periods when they worked more than 10 hours. As a result of DEFENDANTS' practice and procedure, Plaintiff and similarly situated non-exempt, employees did not receive a third rest period when they worked in excess of 10 hours. DEFENDANTS also failed to pay employees one hour of pay at their regular rate of pay for each workday Plaintiff and employees did not receive all timely and legally compliant rest periods. This practice resulted in Plaintiff and all other similarly situated California non-exempt employees not receiving wages to compensate them for workdays which DEFENDANTS did not provide them with third rest periods in compliance with California law.

(f)     **Failure to Indemnify California Non-Exempt Employees for Uniforms and/or Uniform Maintenance**: DEFENDANTS would deduct monies from Plaintiff and similarly situated employees' wages for uniforms and/or maintenance of uniforms. DEFENDANTS required Plaintiff and similarly situated employees to use these uniforms as part of their job duties. Despite that California law requires employers to indemnify employees for the costs associated with the uniforms and maintenance of uniforms, DEFENDANTS would not reimburse Plaintiff or other similarly situated California employees for the costs of uniforms and/or uniform maintenance. At times during the four years prior to the filing of this Complaint, DEFENDANTS employed policies and procedures which failed to provide Plaintiff and class members with indemnification for their uniforms and/or maintenance of uniforms. This practice resulted in Plaintiff and all other similarly situated employees not receiving adequate indemnification in compliance with California law.

(g)     **Pay Stub Violations**: DEFENDANTS failed to provide accurate and complete wage statements to Plaintiff and other non-exempt employees. DEFENDANTS provided to employees wage statements which were inadequate because DEFENDANTS did not state the name and address of the legal entity that is the employer and failed to state the inclusive dates of the pay period. In addition, as a result of the aforementioned conduct, the wage statements inaccurately stated: the gross wages earned, the total hours worked, the net wages earned, and the applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate. DEFENDANTS applied these policies and procedures were to Plaintiff and other non-exempt employees in California which resulted DEFENDANTS failing to provide complete and accurate wage statements to non-exempt employees in compliance with Labor Code section 226, subdivision (a).

(h)     **Failure to Pay Former California Non-Exempt Employees All Wages Due at Time of Termination/Resignation**: DEFENDANTS failed to pay

Plaintiff and other non-exempt employees with all wages (including unpaid minimum wage and overtime wages and unpaid premium wages for missed meal and/or rest breaks) during their employment and never paid these amounts after Plaintiff and other California employees separated employment with DEFENDANTS. As a result, DEFENDANTS failed to pay those employees timely after each employee's termination and/or resignation in violation of Labor Code sections 201 and 202.

116. Labor Code sections 2699, subdivisions (a) and (g) authorize an aggrieved employee, on behalf of himself and other current or former employees, to bring a civil action to recover civil penalties against all Defendants pursuant to the procedures specified in Labor Code section 2699.3.

117. Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3. By letter dated August 10, 2015, Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and to Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. A true and correct copy of Plaintiff's letter is attached hereto as Exhibit 1 and is herein incorporated by reference.

118. Pursuant to Labor Code section 2699.3, the LWDA must give written notice by certified mail to the parties that it intends to investigate the alleged violations of the Labor Code within 33 days of the date of the complainant's written notice. The LWDA failed to provide the parties notice within 33 days of the date of Plaintiff's letter that the LWDA intends to investigate Plaintiff's claims and/or Defendants failed to cure any of the alleged violations which could have been cured.

119. Pursuant to Labor Code sections 2699(a) and (f), Plaintiff is entitled to recover civil penalties and unpaid wages if applicable for Defendants' violations of Labor Code 201, 202, 203, 226, 226.7, 510, 512, 1194, 1197, and 2802 during the Civil Penalty Period in the following amounts:

a.      For violations of Labor Code sections 201, 202, 203, 226.7, 512, and 2802; one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation [penalty amounts established by Labor Code section 2699(f)(2)].

b.      For violations of Labor Code section 226, two hundred fifty dollars ($250) for each aggrieved employee for each pay period for the initial violation, and for each subsequent violation, one thousand dollars ($1000) for each underpaid employee for each pay period [penalty amounts established by Labor Code section 226.3].

c.      For violations of Labor Code section 510, fifty dollars ($50) for each aggrieved employee for each pay period for the initial violation, and for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period [penalty amounts established by Labor Code section 558] and any unpaid wages.

d.      For violations of Labor Code section 1194 and 1197, one hundred dollars ($100) for each underpaid employee for each pay period for the initial violation, and for each subsequent violation, two hundred fifty dollars ($250) for each underpaid employee for each pay period [penalty amounts established by Labor Code section 1197.1] and any unpaid wages.

120.   Pursuant to Labor Code section 2699(g), Plaintiff is entitled to an award of reasonable attorney's fees and costs in connection with his claims for civil penalties.

## **PRAYER FOR RELIEF**

**WHEREFORE, PLAINTIFF, ON HIS BEHALF AND ON BEHALF OF THOSE SIMILARLY-SITUATED, PRAYS AS FOLLOWS:**

## ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, EIGHTH, AND NINTH CAUSES OF ACTION:

1.      That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil Procedure section 382 and any other applicable law;

2.      That the named Plaintiff be designated as class representative for the California Class (and all sub-classes thereof);

3.      A declaratory judgment that the practices complained herein are unlawful; and,

4.      An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

### ON THE FIRST CAUSE OF ACTION:

1.      That the Defendants be found to have violated the minimum wage provisions of the Labor Code and the IWC Wages Orders as to the Plaintiff and the Minimum Wage Class;

2.      For damages, according to proof, including but not necessarily limited to unpaid wages;

3.      For any and all legally applicable penalties;

4.      For liquidated damages pursuant to Labor Code section 1194.2;

5.      For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 1194, and post-judgment interest;

6.      For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 1194; and,

7.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE SECOND CAUSE OF ACTION:

1.    That the Defendants be found to have violated the overtime provisions of the Labor Code and the IWC Wages Orders as to the Plaintiff and the Overtime Class;

2.    For damages, according to proof, including but not necessarily limited to unpaid wages;

3.    For any and all legally applicable penalties;

4.    For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 1194, and post-judgment interest;

5.    For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 1194; and,

6.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE THIRD CAUSE OF ACTION:

1.    That the Defendants be found to have violated the overtime provisions of the Labor Code and the IWC Wages Orders as to the Plaintiff and the Regular Rate Class;

2.    For damages, according to proof, including but not necessarily limited to unpaid wages;

3.    For any and all legally applicable penalties;

4.    For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 1194, and post-judgment interest;

5.    For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 1194; and,

6.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE FOURTH CAUSE OF ACTION:

1.    That the Defendants be found to have violated the meal break provisions of the Labor Code and the IWC Wages Orders as to the Plaintiffs and the Meal

Period Class;

2.     For damages, according to proof, including unpaid wages;

3.     For any and all legally applicable penalties;

4.     For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and

5.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE FIFTH CAUSE OF ACTION:

1.     That the Defendants be found to have violated the meal break provisions of the Labor Code and the IWC Wages Orders as to the Plaintiffs and the Rest Period Class;

2.     For damages, according to proof, including unpaid wages;

3.     For any and all legally applicable penalties;

4.     For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and

5.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE SIXTH CAUSE OF ACTION:

1.     That the Defendants be found to have violated the reimbursement provisions of the Labor Code and the IWC Wages Orders as to the Plaintiff and the Indemnification Class;

2.     For damages, according to proof, including but not necessarily limited to costs and losses associated with unreimbursed items and/or wages improperly deducted for items which should have been reimbursed;

3.     For any and all legally applicable penalties;

4.     For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 2802 and post-judgment interest;

6.     For attorneys' fees and costs of suit, including but not limited to that

recoverable under California Labor Code section 2802,; and,

7.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE SEVENTH CAUSE OF ACTION:

1.     That the Defendants be found to have violated the provisions of the Labor Code regarding proper itemized paystubs as to the Wage Statement Class;

2.     For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 226(e) and any other legally applicable damages or penalties;

3.     For pre-judgment interest and post-judgment interest;

4.     For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 226(e); and,

5.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE EIGHTH CAUSE OF ACTION:

1.     That the Defendants be found to have violated the provisions of the Labor Code regarding payment of wages due upon resignation or termination as to the Waiting Time Class;

2.     For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 203 and any other legally applicable damages or penalties;

3.     For pre-judgment interest, including under California Labor Code section 218.6, and post-judgment interest; and,

4.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE NINTH CAUSE OF ACTION:

1.     That the Defendants be found to have violated Business and Professions Code section 17200 for the conduct alleged herein as to all Classes;

2. A declaratory judgment that the practices complained herein are unlawful;

3. An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4. For restitution to the full extent permitted by law; and,

5. For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE TENTH CAUSE OF ACTION:

1. That the Defendants be found to have violated the provisions of the Labor Code and the IWC Wages Orders as to the Plaintiff and current or former aggrieved employees;

2. For any and all legally applicable penalties, including but not limited to that recoverable under California Labor Code section 2699(f), 226.3, 558, and 1197.1.

3. For any and all legally applicable unpaid wages, including but not limited to that recoverable under California Labor Code section 558 and 1197.1.

4. For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 2699(g); and,

///

///

///

///

///

///

///

///

///

5.   For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: November 25, 2015           Respectfully submitted,
                                  **LAVI & EBRAHIMIAN, LLP**

By: _____
                   Joseph Lavi, Esq.
                   Jordan D. Bello, Esq.
                   Attorneys for PLAINTIFF
                   MARCOS LOPEZ
                   and Other Class Members

## **DEMAND FOR JURY TRIAL**

PLAINTIFF MARCOS LOPEZ demands a trial by jury for himself and the Class on all claims so triable.

Dated:  November 25, 2015          Respectfully submitted,
                                **LAVI & EBRAHIMIAN, LLP**

By: _____
                   Joseph Lavi, Esq.
                   Jordan D. Bello, Esq.
                   Attorneys for PLAINTIFF
                   MARCOS LOPEZ
                   and Other Class Members